UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x
JUN HUA YANG, *individually and on behalf of all others similarly situated*,

                                          Plaintiff,                18-CV-4970 (DLI) (SJB)

      -against-

RAINBOW NAILS SALON IV INC. d/B/A rainbow nails iv, and GINA DANG,

                                          Defendants.

------------------------------------------------------------------------ x

# DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR CONDITIONAL CERTIFICATION OF COLLECTIVE ACTION

Brooklyn, New York
February 22, 2019

                                                                             _____
                                                                             Andrew B. Stoll
                                                                             Stoll, Glickman & Bellina, LLP
                                                                             300 Cadman Plaza West, 12th Floor
                                                                             Brooklyn, NY  11201
                                                                             (718) 852-3710
                                                                             astoll@stollglickman.com

TABLE OF CONTENTS

STATEMENT OF FACTS ..................................................................................................1

I.   PLAINTIFF'S SINGLE AFFIDAVIT RECOUNTING UNSPECIFIED CONVERSATIONS OVER SEVENTEEN YEARS LACKS THE MINIMAL SPECIFICITY REQUIRED TO SUPPORT A MOTION FOR CONDITIONAL CERTIFICATION. ...................................................................................................3

II.  PLAINTIFF FAILS TO ESTABLISH THAT SHE WAS NOT PAID THE FEDERAL MINIMUM WAGE, AND MAKES NO ASSERTIONS AT ALL CONCERNING THE PUTATIVE COLLECTIVE ACTION MEMBERS' MINIMUM WAGES. .......................7

III. IF THE COURT APPROVES PRELIMINARY CERTIFICATION FOR ANY OF PLAINTIFF'S CLAIMS, IT SHOULD ALLOW THE PARTIES TO NEGOTIATE FURTHER OVER THE FORM OF NOTICE TO THE PUTATIVE COLLECTIVE CLASS, AND THE "OPT IN" CONSENT FORMS. ..................................................8

CONCLUSION ................................................................................................................9

## TABLE OF AUTHORITIES

**CASES**

Benavides v. Serenity Spa NY Inc., 166 F. Supp. 3d 474 (S.D.N.Y. 2016) .................................4

Fa Ting Wang v. Empire State Auto Corp., 14-CV-1491 (WFK) (VMS), 2015 WL 4603117 (E.D.N.Y. 2015) .................................................................................................................5

Guillen v. Marshalls of MA, Inc., 750 F.Supp.2d 469 (S.D.N.Y. 2010).....................................3, 4

Islam v. BYO Co. (USA), 16-CV-927 (PGG), 2017 WL 2693717 (S.D.N.Y. 2017).....................5

Ji Li v. Ichiro Rest. Inc., 14-CV-10242 (AJN), 2015 WL 6828056 (S.D.N.Y. 2015) ................3, 5

Joshi v. Flagship S B Amsterdam NY, LLC, 17-CV-5785 (ALC) (SN), 2018 WL 1135566 (S.D.N.Y. 2018).........................................................................................................................3

Lopez v. Royal Thai Plus, LLC, 16-CV-4028 (NGG) (SJB), 2018 WL 1770660 (E.D.N.Y. 2018) ..............................................................................................................................................7

Martinez v. Alimentos Saludables Corp., 16-CV-1997 (DLI) (CLP), 2017 WL 5033650 (E.D.N.Y. 2017) .........................................................................................................................7

Mata v. Foodbridge LLC, 14-CV-8754 (ER), 2015 WL 3457293 (S.D.N.Y. 2015) ..................3, 5

Placinta v. Grazina Pilka, Inc., 16-CV-4272 (KAM) (SJB), 2018 WL 5024170 (E.D.N.Y. 2018) ..............................................................................................................................................2

Qing Gu v. T.C. Chikurin, Inc., 13-CV-2322 (SJ) (MDG), 2014 WL 1515877 (E.D.N.Y. 2014) ..............................................................................................................................................3

Reyes v. Nidaja, LLC, 14-CV-9812, 2015 WL 4622587 (S.D.N.Y. 2015) ..................................4

Sanchez v. JMP Ventures, L.L.C., 13-CV-7264 (KBF), 2014 WL 465542 (S.D.N.Y. 2014)....3, 6

Taveras v. D & J Real Estate Mgmt. II, LLC, 324 F.R.D. 39 (S.D.N.Y. 2018)............................4

Yap v. Mooncake Foods, Inc., 146 F. Supp. 3d 552 (S.D.N.Y. 2015)..........................................3

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x
JUN HUA YANG, *individually and on behalf of all others similarly situated*,

                                       Plaintiff,                18-CV-4970 (DLI) (SJB)

      -against-

RAINBOW NAILS SALON IV INC. d/B/A rainbow nails iv, and GINA DANG,

                                         Defendants.

------------------------------------------------------------------------ x

## DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR CONDITIONAL CERTIFICATION OF COLLECTIVE ACTION

ANDREW B. STOLL, an attorney admitted to practice law before the courts of this state, declares, pursuant to 28 U.S.C, § 1746, under penalty of perjury, that the following is true and correct.

STATEMENT OF FACTS

I am counsel for defendants in the above captioned action.

Plaintiff asserts she worked over a period of seventeen and a half years for defendants, and brings this putative collective action as a "nail technician", asserting, among other issues, that defendants maintained a policy of requiring Plaintiff and the putative collective action members ("the employees", collectively), to work over 40 hours per week, of paying the employees a fixed daily rate regardless of the weekly number of hours worked, and of paying the employees less than the New York State hourly minimum wage. Plaintiff thus moves to

conditionally certify a collective action of all "current and former… nail technicians… letting them decide whether to seek unpaid minimum wages and overtime premiums owed to them under the FLSA". Document 25, Memorandum of Law in Support of Plaintiff's Motion for Conditional Certification ("Plaintiff's Brief"), p. 1.

The only evidence Plaintiff relies upon in her motion for conditional certification is a single affidavit from Plaintiff herself, in which she cites "frequent" conversations, over a period of seventeen and a half years, with thirteen other nail technicians, from whom she "learned" that they had "similar" work schedules which were "generally" the same. Document 26, Affirmation of Jun Hua Yang In Support of Plaintiff's Motion for Conditional Certification ("Yang Affidavit"), ¶¶ 7, 13, 14. [1] The affidavit provided no details concerning when or where such conversations took place, or anything more specific about the hours worked by the employees aside from Plaintiff herself. Further, the affidavit conceded that Plaintiff "do(es) not know (the other employees') exact wages". Yang Affidavit, ¶ 14. All but one of the other employees that Plaintiff asserts she spoke with about their schedules and wages worked with Plaintiff for substantial periods before the proposed three year collective action period; six of them did not even work at all with Plaintiff during the proposed collective action. [2] Yang Affidavit, ¶ 6. Although Plaintiff brings a federal minimum wage claim, she herself calculates her "regular hourly rate" as being at least $7.73- in excess of the $7.25 federal minimum wage, although she argues the federal minimum wage incorporates the higher of the federal minimum wage or the applicable state minimum wage. Plaintiff's Brief, p. 5.

---

[1] While defendants deny many of Plaintiff's assertions in her affidavit and brief, we are cognizant that "a court does not weigh the merits of a plaintiff's underlying claims, resolve factual disputes, or evaluate credibility at this stage Placinta v. Grazina Pilka, Inc., 16-CV-4272 (KAM) (SJB), 2018 WL 5024170, at *7 (E.D.N.Y. 2018) (citing cases). We thus will not clutter the briefings with the ample factual disputes to be resolved later in the matter.

[2] Since Plaintiff fails to identify any specific work dates for several of the employees listed, we cannot assume they worked during the proposed collective action period.

2

I. PLAINTIFF'S SINGLE AFFIDAVIT RECOUNTING UNSPECIFIED CONVERSATIONS OVER SEVENTEEN YEARS LACKS THE MINIMAL SPECIFICITY REQUIRED TO SUPPORT A MOTION FOR CONDITIONAL CERTIFICATION.

Although the burden on a plaintiff at the preliminary certification stage is slight, it "is not non-existent and the factual showing, even if modest, must still be based on some substance." Guillen v. Marshalls of MA, Inc., 750 F.Supp.2d 469, 480 (S.D.N.Y. 2010). Where affidavits in support of certification rely on a recitation of conversations with other employees to establish commonality, courts in the Second Circuit have repeatedly required "a minimum level of detail regarding the contents of those conversations or observations". Yap v. Mooncake Foods, Inc., 146 F. Supp. 3d 552, 562 (S.D.N.Y. 2015). "Such details are particularly important where a conditional certification motion is based on the lone affidavit of a single employee, who performed a single job function". Mata v. Foodbridge LLC, 14-CV-8754 (ER), 2015 WL 3457293, at *4 (S.D.N.Y. 2015) *accord* Ji Li v. Ichiro Rest. Inc., 14-CV-10242 (AJN), 2015 WL 6828056, at *3 (S.D.N.Y. 2015). "But the plaintiff cannot simply state his belief that others are similarly situated based on conversations with or observations of those other potential opt-in members; rather, he must supply additional detail regarding the particular conversations or observations substantiating that belief." Joshi v. Flagship S B Amsterdam NY, LLC, 17-CV-5785 (ALC) (SN), 2018 WL 1135566, at *3 (S.D.N.Y. 2018) (internal citations and quotations omitted).

Courts have found fault and declined to preliminarily certify a class where supporting affidavits failed to specify "with whom and when they had conversations about not receiving minimum wage or overtime". Qing Gu v. T.C. Chikurin, Inc., 13-CV-2322 (SJ) (MDG), 2014 WL 1515877, at *3 (E.D.N.Y. 2014). In Sanchez v. JMP Ventures, L.L.C., 13-CV-7264 (KBF), 2014 WL 465542, at *2 (S.D.N.Y. 2014), the Plaintiff, as here, provided an affidavit based on

3

conversations with other named employees; the Court found the allegations insufficient for preliminary certification, as he failed to

> provide *any* detail as to a *single* such observation or conversation. As a result, the Court does not know where or when these observations or conversations occurred, which is critical in order for the Court to determine the appropriate scope of the proposed class and notice process. Instead, the Court is left with a list of generalized allegations that have been molded into a declaration which reads similarly to the complaint. These are precisely the kind of unsupported assertions and conclusory allegations that courts in this District have found to be insufficient to conditionally certify a class under § 216(b).

Id. (emphasis in original).

This language from Sanchez has been repeatedly excerpted in the Southern and Eastern districts of New York in cases rejecting "non specific… conversations", including in Guillen, 750 F.Supp.2d 469, Bittencourt v. Ferrara Bakery & Cafe Inc., 310 F.R.D. 106, 114 (S.D.N.Y. 2015), Reyes v. Nidaja, LLC, 14-CV-9812, 2015 WL 4622587, at *2–3 (S.D.N.Y. 2015), and Taveras v. D & J Real Estate Mgmt. II, LLC, 324 F.R.D. 39, 41 (S.D.N.Y. 2018). Each of these cases has emphasized the need for details as to "where and when (the conversations) occurred, and the names of the employees involved". Benavides v. Serenity Spa NY Inc., 166 F. Supp. 3d 474, 481–82 (S.D.N.Y. 2016).

Other courts too have recently rejected non-specific summaries of conversations with other employees as the basis for a certification. See Taveras v. D & J Real Estate Mgmt. II, LLC, 324 F.R.D. 39, 41 (S.D.N.Y. 2018) ("(c)ourts in this Circuit often… deny conditional certification because of a failure to… provide the specifics of conversations with those employees, or note details of other employees' working conditions and hours"; plaintiff "talked with 'many other employees' about wages and hours, including one named employee, who said they were prevented from listing their true hours on timesheets, but otherwise provided no

4

names, job titles, dates, or any details); Mata v. Foodbridge LLC, 14-CV-8754 (ER), 2015 WL 3457293, at *4 (S.D.N.Y. 2015) (although Plaintiff cites conversations with coworkers to support certification, he fails to provide any detail as to a single observation or conversation; "information regarding where or when these observations or conversations occurred ... is critical in order for the Court to determine the appropriate scope of the proposed class and notice process") (internal citations and quotations omitted). Ji Li v. Ichiro Rest. Inc., No. 14-CV-10242 (AJN), 2015 WL 6828056, at *3 (S.D.N.Y. 2015) (declarations failed to state the number of hours other employees worked or the circumstances in which conversations took place, emphasizing the need for "detail as to a *single* such… conversation that formed the basis of his claims") (emphasis in original); Fa Ting Wang v. Empire State Auto Corp., 14-CV-1491 (WFK) (VMS), 2015 WL 4603117, at *10 (E.D.N.Y. 2015) (affidavit fails to describe any "specific conversations"); Islam v. BYO Co. (USA), 16-CV-927 (PGG), 2017 WL 2693717, at *6 (S.D.N.Y. 2017) (affidavit contained insufficient specificity where it read "(b)ased on conversation I had with other Bussers, Servers, Runners and Bartenders at the Restaurant, including Bodrul Islam and Ashraf Ahmed and others, my understanding was that we all were also paid an hourly wage by the Restaurant that was at a sub-minimum wage tip credit rate, usually $5.00 an hour", citing Sanchez' emphasis on a lack of "any detail as to a single such observation or conversation").

Plaintiff's affidavit here is no better than many of those in the cases cited above. She cites unspecified, undated, "frequent" conversations, but does not identify a single conversation on any single date. She does not identify what specifically she was told in any of the conversations but rather, derives that she "learned", from conversations and observations, that "all technicians have similar work schedule". Yang Affidavit, ¶ 13. Such language is practically

5

no different than that in Islam, id, where the Plaintiff derived an "understanding" from conversations.

Further, given that Plaintiff worked with the 13 employees she identifies over a period of about 18 years, that her own pay rates changed over time, and that six of the individuals identified didn't even work with Plaintiff during the proposed collective action period ("Wendy", "Ivy", "Anne", "Sunny" "Lisa", and "Ann"), it is unclear whether the conversations in question even referenced the proposed collective action period.

The conversations referenced in the Yang affidavit lack not only temporal and geographic specificity, they lack *any* specificity. In fact, they contain explicit qualifiers that actively impede certification. Plaintiff writes that the other nail technicians have "similar" work schedules, and their number of days worked and daily schedule were "generally" the same. Yang Affidavit, ¶ 13. But someone working one less day a week, and an hour less a day, could easily qualify as having a "similar" work schedule that is "generally" the same, and yet that employee would not be similarly situated, as her hours would not exceed forty in a work week. Without identifying any single employee who worked more than forty hours on any single week, Plaintiff simply provides vague, conclusory statements that vaguely allude to far more than they actually establish on their face. Given that Plaintiff asserts she had "frequent" conversations with the nail technicians listed, over a period of 17 years, one would expect her to provide specificity regarding at least one week, with one employee. This affidavit highlights the need for "*any* detail as to a *single* such observation or conversation", just as in Sanchez v. JMP Ventures, L.L.C., 13-CV-7264 (KBF), 2014 WL 465542, at *2 (S.D.N.Y. 2014), and its progeny as cited above.

6

II. PLAINTIFF FAILS TO ESTABLISH THAT SHE WAS NOT PAID THE FEDERAL MINIMUM WAGE, AND MAKES NO ASSERTIONS AT ALL CONCERNING THE PUTATIVE COLLECTIVE ACTION MEMBERS' MINIMUM WAGES.

Plaintiff candidly concedes in her affidavit that she does not know the "exact wage rates" of the putative collective action members. That alone should defeat her bid for conditional certification, as she does not even meet the barest of minimum factual allegations to support her motion.

But of further concern, Plaintiff's motion is solely for preliminary certification of a putative collective class for federal, not state minimum wages, and she concedes that she was always paid greater than the federal minimum wage. Plaintiff's Brief, p. 5. Plaintiff's brief cites this Court's decision in Lopez v. Royal Thai Plus, LLC, 16-CV-4028 (NGG) (SJB), 2018 WL 1770660, at *5 (E.D.N.Y. 2018), report and recommendation adopted, No. 16-CV-4028 (NGG) (SJB), 2018 WL 1770555 (E.D.N.Y. 2018), for the proposition that "where a state's minimum wage is higher than the federal minimum wage, as is the case here, the state's minimum wage must be paid by the employer to satisfy the FLSA's minimum wage requirement". Plaintiff's Brief, p. 5. But respectfully, this Court erred to the extent that it held that the FLSA itself incorporates a state's higher minimum wage for the purpose of calculating the federal minimum wage.

In Lopez, this Court was deciding damages in a default motion, without defendant weighing in on the briefings. But the citations the Court relied upon (also cited in Plaintiff's Brief in this matter), do not assert that a "state's minimum wage must be paid by the employer to satisfy the FLSA's minimum wage requirement". Rather, the Code of Federal Regulations and Martinez v. Alimentos Saludables Corp., 16-CV-1997 (DLI) (CLP), 2017 WL 5033650, at *15 (E.D.N.Y. 2017) address how the "regular rate of pay" must be calculated for the purposes of

7

calculating the applicable federal *overtime rate of pay*. In other words, an overtime rate is calculated based on an employee's "regular rate of pay", which cannot dip below the applicable state's minimum wage.

Typically, there won't be any distinction, as an employee who works in New York will be entitled to the New York minimum wage, and New York minimum wage claims are typically brought as pendant claims with federal claims.

But here, Plaintiff properly only seeks preliminary certification of her FLSA minimum wage and overtime claims. Most respectfully, I am unaware of any case law that supports this Court's conclusion in Lopez that the FLSA minimum wage, standing alone, incorporates a state's higher minimum wage.

In any case, Plaintiff has put forth no assertions concerning the hourly wages of any other employee.

III. IF THE COURT APPROVES PRELIMINARY CERTIFICATION FOR ANY OF PLAINTIFF'S CLAIMS, IT SHOULD ALLOW THE PARTIES TO NEGOTIATE FURTHER OVER THE FORM OF NOTICE TO THE PUTATIVE COLLECTIVE CLASS, AND THE "OPT IN" CONSENT FORMS.

Defendants oppose Plaintiff's application to have the "opt in" consent forms mailed to Plaintiff's counsel, rather than to the Court. Further, Plaintiff takes issue with several aspects of Plaintiff's proposed Notice of Pendency of Lawsuit Regarding Wages ("Notice") and Consent to Sue form ("Opt In Form"), Document 25-1. For example, the notice should reflect that Plaintiff sues on behalf of "herself", as well as "on behalf of other current and former" technicians. The notice should reflect explicitly that to *not* join the lawsuit, the recipient need do nothing, and that that is the default outcome. The notice invites recipients to contact Plaintiff's counsel, but *discourages* recipients from contacting defense counsel. The Opt In Form itself has no language indicating that a recipient has the right to do nothing with it; rather it suggests that the recipient

8

has only two options- free representation by Plaintiff's counsel, or retaining their own counsel.

These are just some concerns Plaintiff has about the proposed forms; it is respectfully suggested that if the Court approves preliminary certification on either Plaintiff's overtime or minimum wage claims, that the parties be given an opportunity to confer to develop a more balanced, reasonable Notice and Opt In Form.

CONCLUSION

Plaintiff may have made sufficient allegations for herself to go forward with an overtime claim and New York State minimum wage claims on behalf of herself. But even under the liberal, minimal requirements of a preliminary collective action certification under the FLSA, she has failed to provide sufficient specificity in her single affidavit to preliminarily certify a collective class concerning her overtime claims, and has failed utterly to provide a scrap of evidence that any other employees were not paid either the state or federal minimum wage. Her application should thus, respectfully, be denied.

Brooklyn, New York
February 22, 2019

_____
Andrew B. Stoll
Stoll, Glickman & Bellina, LLP
300 Cadman Plaza West, 12th Floor
Brooklyn, NY 11201
(718) 852-3710
astoll@stollglickman.com

9